ALAN J. KOEPKE *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF COVENTRY ET AL.
(14795)

CALLAHAN, BORDEN, BERDON, KATZ and PALMER, Js.

Argued March 31—decision released August 2, 1994

*Susan Oygard,* pro se, with whom, on the brief, were *Mark K. Branse* and *Matthew J. Willis,* for the appellant (defendant Susan Oygard).

*Duncan J. Forsyth,* with whom was *Lawrence J. Golden,* for the appellee (plaintiff).

*Abbot B. Schwebel,* for the appellee (named defendant).

PALMER, J. The dispositive issue in this certified appeal is whether the defendant Susan Oygard filed a timely appeal to the named defendant, the zoning board of appeals of the town of Coventry (board), challenging the decision of the town's zoning enforcement officer to grant the application of the plaintiff, Alan J. Koepke, for a zoning permit. We conclude that Oygard's appeal to the board was timely filed.

The relevant facts and procedural background are summarized as follows. The plaintiff sought to build a 150 foot radio tower adjacent to property owned by Oygard. After the plaintiff had discussed the project

with the Coventry zoning enforcement officer and notice of the proposed construction had been sent to Oygard, among others, the plaintiff submitted an application for a zoning permit. No objections to the proposal were received, and the permit application was granted by the zoning enforcement officer on July 11, 1986. After the zoning enforcement officer issued the permit, he requested that the plaintiff make certain alterations to the plans for the proposed radio tower and submit a new plot plan. The plaintiff made the requested changes and submitted a new application, together with a revised plot plan, to the zoning enforcement officer. On August 7, 1986, the zoning enforcement officer, without payment by the plaintiff of an additional fee, issued the plaintiff a new permit bearing the same number as the previous permit. The zoning enforcement officer also gave the plaintiff contemporaneous written notification that his July 11 permit had been revoked.

On August 12, 1986, Oygard appealed to the board challenging the validity of the August 7, 1986 permit on the grounds that its issuance adversely affected her property and that the radio tower was not permitted by the applicable zoning regulations. After a public hearing, the board voted to sustain Oygard's appeal and revoked the permit that had been issued to the plaintiff on August 7, 1986.

The plaintiff appealed from the decision of the board to the trial court. The trial court sustained the plaintiff's appeal, concluding that the board did not have subject matter jurisdiction to hear the defendant's appeal because that appeal had not been filed within the limitation period prescribed by General Statutes § 8-7,[1] and because the board had failed to give proper

[1] General Statutes § 8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and

notice of the hearing. Oygard appealed to the Appellate Court, which affirmed the judgment of the trial court on the issue of improper notice. *Koepke* v. *Zoning Board of Appeals,* 25 Conn. App. 611, 595 A.2d 935 (1991). The Appellate Court did not reach the issue of the timeliness of Oygard's appeal to the board. Id., 615, 619. After our grant of her petition for certification to appeal, we upheld the determination of the Appellate Court that notice had been improper; *Koepke* v. *Zoning Board of Appeals,* 223 Conn. 171, 176, 610 A.2d 1301 (1992); but reversed the judgment of the court because its remand incorrectly put an end to Oygard's appeal by affirming the judgment of the trial court. Instead, we held that although the board's failure to give proper notice nullified its subsequent actions, sound public policy required a remand to the board, assuming it initially had subject matter jurisdiction to hear Oygard's appeal, to enable it to conduct a new hearing after giving proper notice. Id., 178–79. Accordingly, we remanded the case for a determination as to whether Oygard's appeal to the board had been timely filed and, if not, whether the board nonetheless had jurisdiction to hear the appeal.

On remand, the Appellate Court affirmed the judgment of the trial court, concluding that the board did not have subject matter jurisdiction to hear the appeal because it had not been filed within the time period prescribed by § 8-7. *Koepke* v. *Zoning Board of Appeals,* 30 Conn. App. 395, 620 A.2d 811 (1993). We granted certification of Oygard's appeal limited to the following issues: (1) "Did the Appellate Court properly conclude that an appellant's failure to file a zoning appeal

shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof."

within the thirty day time limit provided by General Statutes § 8-7 deprives a zoning board of appeals of subject matter jurisdiction to hear the appeal?''; and (2) "If the answer to question (1) is yes, did the Appellate Court properly conclude that, under the circumstances of this case, Oygard's appeal was untimely?" *Koepke* v. *Zoning Board of Appeals,* 226 Conn. 913, 628 A.2d 985 (1993). We conclude that Oygard's appeal from the decision of the board was timely and, consequently, that there was no defect, subject matter or otherwise, in the board's authority to hear her appeal.[2] Accordingly, we reverse the judgment of the Appellate Court.

The plaintiff claimed, and both the trial court and the Appellate Court agreed, that Oygard's appeal to the board was untimely because the thirty day period prescribed by § 8-7 for the filing of an appeal[3] began to run on July 11, 1986, the date the original permit was issued, rather than on August 7, 1986, the date of the issuance of the second permit. The trial court had based its conclusion on its findings that "[t]he circumstances . . . which led to [the] plaintiff filing a new application did not constitute a revocation of the July 11, 1986 permit," and that "[t]he alterations to the [original plot] plan [that gave rise to the August 7 permit] were, at best, minor modifications that did not alter the purpose and intent of the [original] permit." The trial court had also concluded that the zoning officer had no authority to revoke the original permit. The Appellate Court accepted the trial court's findings and conclusions, and affirmed its judgment. *Koepke* v. *Zoning Board of Appeals,* supra, 30 Conn. App. 395. We agree, however,

---

[2] Because we conclude that Oygard filed a timely appeal to the board, we need not consider the first certified question.

[3] The board had not adopted a rule specifying a limitation period for appeals to it, so that Oygard was required to have filed her appeal within the thirty day period prescribed by General Statutes § 8-7.

with Judge Freedman's dissent from the majority opinion of the Appellate Court that "these findings and conclusions are neither supported by the record nor legally and logically correct." Id., 404; see *Lunn* v. *Tokeneke Assn., Inc.*, 227 Conn. 601, 608, 630 A.2d 1335 (1993); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 435 A.2d 24 (1980).

It is not disputed that the zoning enforcement officer, subsequent to his issuance of the original permit, requested that the plaintiff submit a revised application for construction of the radio tower. It also is undisputed that the plaintiff submitted a new application, including a new plot plan, and that on August 7, the zoning enforcement officer revoked the permit that he had issued on July 11, and issued a new permit based on the revised application and plot plan. Under these circumstances, the permit issued on August 7, not the July 11 permit that was expressly revoked by the zoning enforcement officer, constituted the necessary legal authorization for the plaintiff's construction of the radio tower.

The trial court's characterization of the modifications to the original plot plan as "minor" revisions that "did not alter the purpose and intent of the [original] permit" does not persuade us that the July 11 permit was the legally operable permit. The zoning enforcement officer testified at trial that the original plot plan did not satisfy the town's zoning requirements due to certain changes that the plaintiff had made to the plan without the zoning officer's approval. Further, the plaintiff acknowledged at the hearing before the board that he had agreed to the plot plan alterations in order "to bring [the] structure within compliance of the zoning regulations." The original plot plan, therefore, was in violation of the town's zoning regulations, and the modifications to the plan agreed to by the plaintiff were necessary to bring the plan into compliance with those

regulations. Thus, "there is no doubt that the difference between the two permits centered on the issue of regulatory compliance. A subsequent application made in order to bring a prior application into compliance with applicable regulations, no matter how minor the work involved may be, is clearly not minor in regard to its significance and effect." *Koepke* v. *Zoning Board of Appeals,* supra, 30 Conn. App. 405 (*Freedman, J.,* dissenting).

Moreover, whether the zoning enforcement officer had the authority to revoke the first permit was an issue to be decided in the first instance by the board, not the trial court. See *Francini* v. *Zoning Board of Appeals,* 228 Conn. 785, 793–94, 639 A.2d 519 (1994); *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 359, 593 A.2d 118 (1991). Having chosen not to contest the permit revocation before the board, the plaintiff was not entitled to a determination of that issue by the trial court. *Francini* v. *Zoning Board of Appeals,* supra, 228 Conn. 793–94; *Caserta* v. *Zoning Board of Appeals,* supra, 219 Conn. 359. In addition, the record clearly indicates that the plaintiff acquiesced in the decision of the zoning enforcement officer to revoke the July 11 permit in favor of the August 7 permit. In so doing, the plaintiff waived whatever claim he may have had with respect to the authority of the zoning enforcement officer to revoke the first permit. See *Gagnon* v. *Planning Commission,* 222 Conn. 294, 298–99, 608 A.2d 1181 (1992).

We conclude, therefore, that Oygard's appeal of August 12, 1986, from the issuance of the zoning permit to the plaintiff on August 7, 1986, was filed within the time period prescribed by § 8-7. Accordingly, the board properly heard her appeal.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to

reverse the judgment of the trial court and to remand the case to the trial court with direction to remand the case to the zoning board of appeals to determine, upon proper public notice, the merits of Oygard's appeal.

In this opinion the other justices concurred.