[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 7, 1997
DISCUSSION
The court issued a Memorandum of Decision on May 13, 1997, in favor of the plaintiff, Linda Phillips, and against the defendants, the Darien Zoning Board of Appeals ("Board"), and Kenneth and Sylvia Reiss ("Reisses"). The court's ruling reversed the decision of the Board finding that the plaintiff's property located at 33 and 35 Old Farm Road was a single parcel of land.
The court reversed the Board's decision on the ground that the Zoning Enforcement Officer's ("ZEO") decision authorizing the plaintiff to file the maps showing the property as two parcels was not appealed to the Board within thirty days from when the decision was made as required by General Statutes § 8-7, and therefore, the Board was without authority to review the decision. The court reached this decision even though the zoning statute and regulations did not require notice to be given to anyone about these decisions of the ZEO, and the complainants here, the Reisses, did not receive notice of the decisions within 30 days of their issuance. The court's reasoning was heavily influenced by the Appellate Court's decision inKoepke v. Zoning Board of Appeals, 30 Conn. App. 395,620 A.2d 811 (1992), rev'd on other grounds,230 Conn. 452, 645 A.2d 983 (1994). The Appellate Court in Koepke stated that the 30-day appeal period of § 8-7
applies even to decisions for which no notice is required:
 Accordingly, the zoning permit was properly issued by the zoning enforcement officer, and, once issued, the thirty-day appeal period began to run. While it is true that an aggrieved person has the right to take issue with the granting of a zoning permit, the legislature has not required that notice of the granting CT Page 3151 of a permit be given nor would it seem practical to give such notice for the literally thousands of such zoning and building permits that are issued on an almost daily basis across the state. We therefore conclude that [the aggrieved party's] time to appeal began to run at the time of the initial issuance of the permit; whether she received actual or constructive notice is irrelevant.
Koepke v. Zoning Board of Appeals, supra,30 Conn. App. 402-03.
On May 20, 1997, the Supreme Court issued its decision in Loulis v. Parrott, 241 Conn. 180, A.2d (1997), in which the Supreme Court stated that the above quoted reasoning of Koepke was not "a valid statement of the law." Loulis v. Parrott, supra, 241 Conn. 193. The parties in the present case received leave to address the impact of Loulis on the court's ruling reversing the Board's decision. After careful consideration, the Court concludes that Loulis is distinguishable and does not require the court to change its ruling.
In Loulis, the defendant applied for a zoning certificate to operate a liquor store. The plaintiffs were aggrieved parties who did not have notice of the issuance of the certificate, and as a consequence, did not file an appeal to the zoning board to contest the certificate. The defendant applied to the liquor control commission for a liquor permit based on the zoning certificate. The plaintiffs then appealed from the liquor control commission's issuance of the liquor permit and also brought an action seeking an injunction preventing the defendant's use of the property as a liquor store under the zoning regulations. Relying on Koepke, the defendant moved to dismiss the injunction action because the plaintiffs failed to exhaust their administrative remedies when they did not appeal the issuance of the zoning certificate to the zoning board of appeals within 30 days from its issuance as authorized under § 8-7.
As previously indicated, the Supreme Court in Loulis
rejected the defendant's reliance on Koepke explaining that the exhaustion doctrine should not preclude the plaintiffs' claim for injunctive relief when they had not received notice. CT Page 3152 Thus, Loulis concerns whether injunctive relief may be available to a person who fails to exhaust administrative remedies when he did not have the notice necessary to seek timely review of the administrative decision.
The case at bar, however, does not technically involve the exhaustion of administrative remedies doctrine. This case presents a jurisdictional question based on whether the Board had authority to review the ZEO's decision allowing the filing of the maps when no appeal of the decision was taken within thirty days. A failure to take a timely appeal may preclude resort to the administrative or appellate review process, but as held in Loulis, this failure does not necessarily foreclose resort to other remedies under the exhaustion of administrative remedies doctrine. There are a number of exceptions to this doctrine. See generally, 2 Am.Jur.2d, Administrative Law, §§ 602-605. InLoulis, the Supreme Court recognized an exception to the exhaustion doctrine holding that a court of equity is not precluded from considering the propriety of equitable relief, such as an injunction, when the aggrieved party did not receive notice of his administrative remedies and is without an adequate remedy at law. Id., at 194. A court must consider many factors to determine whether injunctive relief is available, such as irreparable harm to the plaintiff, the availability of legal remedies, the balance of the hardships between the parties, and laches. Such considerations regarding the appropriateness of injunctive relief are not at issue in the present case.
Although the Loulis decision emphasizes the importance of notice regarding the exercise of administrative remedies, the Supreme Court also states that the thirty day time period of § 8-7 begins to run from the date of the decision, not from the date of receipt or notice of the decision;Id., at 195; and the Court further acknowledges that all zoning decisions, such as decisions to issue zoning certificates, do not require notice. Id., at 191. Thus the plain language of § 8-7
provides that the 30-day appeal period starts from the date of the decision, and the Loulis opinion, when read in context, does not impose a notice requirement on this appeal period contrary to the language of the statute. Indeed, the legislature can properly condition the availability of certain rights on a time limitation which commences from the date of the incident, rather than from the date of notice. See, e.g., Zapata v. Burns, 207 Conn. 496,508, 542 A.2d 700 (1988) (concerning the commencement of a limitation period from the date of the act, rather than from the CT Page 3153 date of injury).
The defendants' argument that Loulis imposes an actual notice requirement on the thirty-day appeal period of § 8-7 would mean that decisions for which no notice is required would be subject to an appeal at any time, without any time limitation. Indeed, the defendants rely on Loulis to contend that even constructive notice would not be sufficient to start the commencement of the thirty day period. Such a construction of § 8-7 would effectively eviscerate the 30-day time period altogether and cannot be consistent with the Supreme Court's reasoning in Loulis.
Although the broad language of the Loulis opinion lends some support to the defendants' position, for the reasons discussed above, the court concludes that theLoulis decision is distinguishable and is not applicable to issues concerning the timeliness of direct appeals to the zoning board of appeals as presented in the present case.
CONCLUSION
Therefore, for the foregoing reasons, the court reaffirms its decision, and the plaintiff's appeal from the decision of the Board is hereby sustained and the Board's decision is hereby reversed.
STEVENS, J.