# DAVID ROSS *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT
## (AC 30209)

Harper, Robinson and Mihalakos, Js.

Argued April 20—officially released November 24, 2009

*Ira W. Bloom*, for the appellant (defendant).

*Robert A. Fuller*, for the appellee (plaintiff).

Opinion

ROBINSON, J. The planning and zoning commission of the town of Westport (commission) appeals from the judgment of the trial court sustaining the appeal by the plaintiff, David Ross.[1] On appeal, the commission argues that the court improperly (1) remanded the case to the commission for further evidence in the record concerning jurisdiction under the Coastal Management Act, General Statutes § 22a-90 et seq. (act), and (2) concluded that General Statutes § 8-26a (b) (1) is to be interpreted broadly so as to preclude the ability of the town to enforce state and federal regulations on property located within a preapproved subdivision plan. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history.[2] The plaintiff is the owner of certain real property located at 8 Sandpiper Road in Westport. In 2001, the plaintiff sought to construct a two-story, single-family dwelling on the then vacant property. He filed

---

[1] The court also sustained the plaintiff's appeal in a related matter involving an appeal from the zoning board of appeal's decision to uphold the revocation of the plaintiff's zoning permit. See *Ross* v. *Zoning Board of Appeals*, 118 Conn. App. 90, 983 A.2d 11 (2009).

[2] We note that the following facts are derived from the records in both this appeal and the related appeal. See footnote 1 of this opinion. The facts derived from the record presented in *Ross* v. *Zoning Board of Appeals*, 118 Conn. App. 90, 983 A.2d 11 (2009), are not disputed issues that govern our resolution of the present appeal and are included for the purposes of providing the full context of the circumstances underlying this matter.

an application with the commission for approval of a coastal area management site plan, which was approved on July 26, 2001. After receiving all the necessary approvals, the plaintiff was issued a zoning permit on August 31, 2001, and a building permit on October 12, 2001. Final inspection of the property was conducted on December 30, 2003, and, on March 11, 2004, the plaintiff was issued a zoning certificate of compliance.

On March 15, 2004, the plaintiff filed a new coastal site plan application with the commission, seeking approval for an addition to the existing dwelling. At a meeting conducted on July 26, 2004, the commission denied the application. The plaintiff appealed from this decision to the trial court.[3]

On July 18, 2005, the plaintiff filed an appeal to the trial court that arose from a related matter. See footnote 1 of this opinion. The appeals were consolidated for the purposes of the hearing; however, the court issued separate memoranda of decisions sustaining both appeals. Although separate, the memorandum of decision sustaining the present appeal incorporated by reference the court's memorandum of decision sustaining the appeal from the decision of the zoning board of appeals. This appeal followed.

I

The commission first claims that the court improperly remanded the case to the commission to gather further evidence in the record concerning the coastal area management boundary, a fact that implicates the jurisdiction to review the coastal area site plan. Specifically,

---

[3] While this appeal was pending, the zoning enforcement officer sent notice to the plaintiff that the zoning permit and certificate of zoning compliance were revoked on February 10, 2005. On March 11, 2005, the plaintiff appealed to the zoning board of appeals from the action of the zoning enforcement officer. A public hearing was conducted by the board on June 14, 2005; thereafter, on June 28, 2005, the board denied the appeal.

the commission argues that the court failed to recognize that the plaintiff had submitted to the jurisdiction of the commission when he filed the site plan and, accordingly, waived the jurisdictional issue. We disagree.

"Jurisdiction of the subject-matter is the power . . . to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . This concept, however, is not limited to courts. Administrative agencies . . . are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power . . . . As our Supreme Court has explained, certain jurisdictional facts are essential to establish the statutory jurisdiction of tribunals of limited authority. The existence of these facts is fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act." (Citation omitted; internal quotation marks omitted.) *Dept. of Public Safety* v. *Freedom of Information Commission*, 103 Conn. App. 571, 576–77, 930 A.2d 739, cert. denied, 284 Conn. 930, 934 A.2d 245 (2007). Furthermore, once the board's subject matter jurisdiction over an appeal is questioned, the jurisdictional question must be resolved before the substantive issues of the appeal are addressed. See *Stec* v. *Raymark Industries, Inc.*, 114 Conn. App. 81, 86, 968 A.2d 960 (2009). "[A] determination regarding [an agency's] subject matter jurisdiction is a question of law . . . ." (Internal quotation marks omitted.) *Dept. of Public Safety* v. *Freedom of Information Commission*, supra, 576.

The 2004 coastal site plan that is the subject of this appeal was the third such plan filed by the plaintiff. In the application that is the subject of this appeal, the

plaintiff sought approval for the construction of an addition to the existing structure on the property. The Westport zoning regulations require a coastal site plan to be submitted "for any use, activity or project as defined in [General Statutes] § 22a-105 (b) of the [act] . . . ." Westport Zoning Regs., § 31-10.6. Section 31-10.6 of the zoning regulations, however, enumerates exceptions to this requirement. Of relevance to the present appeal is the exemption for "[c]onstruction of an individual single family residential structure, except when such structure . . . (b) is in or within two hundred (200) feet of the Mean High Water Line . . . ." Id., § 31-10.6.1. The location of the plaintiff's property within the designated area became a contested matter in the underlying appeal despite the fact that the plaintiff had filed three coastal site plans. Recognizing the effect that this fact would have on the resolution of the appeal, the court remanded the matter to the commission with instructions to open its hearing and accept further evidence into the record on the issue of the mean high water mark. Following the remand, a survey was admitted into the record that purportedly indicated that the property was outside of the 200 foot mark.[4] At the hearing conducted on March 27, 2008, counsel for the commission also stated that the property was outside of the 200 foot mark.[5]

---

[4] The referenced survey is not a part of the record for this appeal; however, it is included in the record for the related appeal in *Ross* v. *Zoning Board of Appeals*, 118 Conn. App. 90, 983 A.2d 11 (2009).

[5] Specifically regarding the admission of the new survey following remand, counsel for the commission stated: "And now the record has been supplemented, let's say, to show that in fact the property is outside 200 feet of the mean high water. We know that now. We didn't know it at the time." Counsel then noted that this was the third site plan review submitted by the plaintiff, despite the fact that the property was outside of the 200 feet mark. "Because neither the homeowner realized he was outside 200 feet, the commission didn't realize it. This is the third application he applied for under [the act]. Twice before he came in thinking he was within 200 feet, and this time he did also."

In its memorandum of decision, the court incorporated its decision in the companion case, in which it concluded that "[s]ince the property is located more than 200 feet from the mean high water mark, the property was exempt from coastal site plan review pursuant to General Statutes § 22a-109 (b) and § 31.10.6 of the Westport zoning regulations. The zoning officials had no subject matter jurisdiction over any of the coastal site plan applications, even though they were filed by the plaintiff at the direction of the commission's agent." The court then correctly noted that the subject matter jurisdiction of an administrative agency cannot be created through consent or waiver and can be raised at any time. See *Windsor Locks Associates* v. *Planning & Zoning Commission*, 90 Conn. App. 242, 247–48, 876 A.2d 614 (2005).

On appeal to this court, the commission argues that the matter improperly was remanded to the commission for the receipt of the additional evidence regarding the property's proximity to the mean high water mark. Specifically, the commission maintains that the location of the property was not relevant to determine its jurisdiction because the plaintiff had submitted to the jurisdiction of the commission by submitting the application for its approval. In support of this argument, the commission cites three cases that purportedly demonstrate that "the jurisdictional issue can be waived under proper circumstances . . . ." On review of the cited authority, however, we are not persuaded. The commission has not referenced a case that supports the position that a party can waive the lack of subject matter jurisdiction; in fact, well established case law points to a result that is in direct opposition to this position. See *Stec* v. *Raymark Industries, Inc.*, supra, 114 Conn. App. 86. ("[a] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties,

explicitly or implicitly" [internal quotation marks omitted]).

In *Koepke* v. *Zoning Board of Appeals*, 230 Conn. 452, 645 A.2d 983 (1994), the first case cited by the commission in support of its position, our Supreme Court addressed a zoning board of appeal's purported lack of subject matter jurisdiction over an appeal that challenged the issuance of a permit to construct a radio tower. The plaintiff was issued a zoning permit on July 11, 1986; however, after issuing the permit, the zoning enforcement officer requested that the plaintiff make certain alterations and submit a new plot plan. The plaintiff acquiesced and was issued a new zoning permit on August 7, 1986. The original permit was thereafter revoked. On August 12, 1986, more than thirty days past the issuance of the original permit, the defendant challenged the validity of the new permit before the zoning board of appeals. The determinative issue was whether the defendant's appeal was untimely and, therefore, whether it deprived the zoning board of appeals of jurisdiction. Our Supreme Court eventually concluded that the appeal was timely filed because the second permit was the legally operable permit; however, it did note that "the plaintiff acquiesced in the decision of the zoning enforcement officer to revoke the July 11 permit in favor of the August 7 permit. In so doing, the plaintiff waived whatever claim he may have had with respect to the authority of the zoning enforcement officer to revoke the first permit." Id., 458.

In the present case, the commission references the previously quoted language from *Koepke* in support of its contention that an analogous situation exists regarding the plaintiff's appeal. This argument is without merit, however, because the waiver by the plaintiff in *Koepke* did not implicate the board's subject matter jurisdiction over his appeal, which is what is at issue in the present case.

Likewise, the commission's reliance on *Caserta* v. *Zoning Board of Appeals*, 219 Conn. 352, 593 A.2d 118 (1991), is also in error. In *Caserta*, our Supreme Court evaluated the impact that a planning and zoning board's improper conduct could have on the subject matter jurisdiction of the zoning board of appeals. The court found that the zoning enforcement officer's "purported improper motive was insufficient to defeat what was otherwise manifestly valid jurisdiction in the board to hear the plaintiff's appeal." Id., 361. Central to this conclusion was the fact that the board had jurisdiction to hear the particular controversy, a fact that distinguishes *Caserta* from the present case. Although the commission attempts to utilize *Caserta*'s reference to "manifestly valid jurisdiction" to support its position, it is this very concept that undermines the commission's argument. Here, the commission lacked subject matter jurisdiction to review a coastal site plan because the location was specifically exempted by the zoning regulations that provided the basis for its authority. This is a markedly distinct issue from that discussed in *Caserta*, in which there was no dispute over the zoning board of appeals' jurisdiction to adjudicate the controversy.

Finally, the commission also refers to *M & L Homes, Inc.* v. *Zoning & Planning Commission*, 187 Conn. 232, 445 A.2d 591 (1982). In *M & L Homes, Inc.*, the plaintiff sought a writ of mandamus ordering the zoning and planning commission to approve a subdivision plan. The plaintiff argued that the plan had been approved by operation of law pursuant to General Statutes § 8-26 because of the commission's failure to "approve, modify and approve, or disapprove" the plan within the statutorily prescribed time frame. (Internal quotation marks omitted.) Id., 233. Our Supreme Court concluded that the plaintiff was not entitled to mandamus relief because it had withdrawn its original application for

the subdivision and subsequently filed a new application. Only after the new application was filed did the plaintiff realize that the original application was entitled to approval as a matter of law. The court noted that mandamus is an extraordinary remedy to command the performance of a duty and that the burden rests on the party seeking performance of the duty to establish his legal right to its performance. Id., 245. Accordingly, the court upheld the trial court's refusal to issue a writ of mandamus. Regarding the application of that court's analysis to the facts of the present case, we once again note that the commission's reliance on this authority to support its proposition is misplaced because the cited authority does not involve a waiver of subject matter jurisdiction.

The commission argues that the previously cited authority collectively supports its contention that once a plaintiff "puts the ball in play," he must continue with the process. This argument ignores the distinct premise underlying this case. Here, all parties agree that the property is located outside of the area designated in the commission's regulations as subject to the commission's approval of a coastal site plan, a fact that directly impacts the commission's subject matter jurisdiction over this dispute. Although the commission references specific language contained in each of the three cases that appear superficially to support its position, the commission has not provided any authority that demonstrates that a *defect in subject matter jurisdiction* can be waived by the plaintiff's decision to "put the ball in play." Rather, the commission's argument is premised on references to specific language in each case that misconstrues the respective holdings and are analyzed out of context.

Accordingly, we conclude that the court did not improperly remand the case for further submission of

evidence regarding the commission's lack of subject matter jurisdiction.[6]

## II

The commission next argues that the court improperly concluded that § 8-26a (b) (1) should be interpreted as sufficiently broad so as to exempt zoning regulations based on state and federal statutes. Specifically, the commission maintains that the provisions of the act, § 22a-105, and the requirements promulgated by the Federal Emergency Management Agency should not be included in the scope of § 8-26a (b) (1). In light of our conclusion that the commission lacked subject matter jurisdiction to review the coastal site plan, we need not reach the merits of this claim.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The commission also argues that the court failed to address the fact that the plaintiff's application was denied for incompleteness. The commission did not seek an articulation on this issue, and the failure to do so provides ample ground for this court to decline to review the claim. See *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 292 Conn. 1, 59 n.38, 970 A.2d 656 (2009) (noting it was "responsibility [of the appellant] to move for an articulation to clarify the basis of the trial court's ruling or to ask for a ruling on any overlooked matter"). We do note, however, that even if we assume arguendo that the application was incomplete and therefore in violation of § 31-10.7.1 of the Westport zoning regulations, this fact does not provide the commission with grounds to deny an application that was not properly within its purview to review.

[7] We do note that although the commission has offered lengthy argument in support of this claim, our review of the argument is impeded by the lack of a factual analysis of the argument as it relates to the specific circumstances of this appeal. The commission offers sweeping statements that are unsupported by citations to the record. Despite numerous references to these alleged violations, the commission fails to elucidate these claims specifically by providing a link between the alleged violation and the state or federal regulation that was purportedly violated. Therefore, even if we were to reach the merits of this claim, the commission has failed to present a cohesive argument on the basis of the particular facts of this appeal.