556 A.2d 993

Joseph S. Bianco and William L. Blumling, Appellants *v.* Robinson Township et al., Appellees.

Robinson Township et al., Appellants *v.* Joseph S. Bianco and William L. Blumling, Appellees.

Argued February 9, 1989, before Judges DOYLE and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Paul M. Daniels,* for appellants/appellees, Joseph S. Bianco and William L. Blumling.

*David F. Toal,* with him, *John Linkosky, Baskin, Flaherty, Elliott & Mannino, P.C.,* for appellees/appellants, Robinson Township et al.

Opinion by Senior Judge Kalish, April 10, 1989:

This case involves a dispute between the minority and the majority commissioners of Robinson Township regarding the promotion of two police officers. The minority commissioners (appellants) filed a complaint in equity on February 22, 1988, seeking to enjoin the promotion of police officers Ambrose and Bradley. The Township, the majority commissioners, and police officers Ambrose and Bradley (appellees) filed preliminary objections in the nature of a demurrer.

This appeal is from an order of the Court of Common Pleas of Allegheny County which sustained the preliminary objections of the appellees, and granted the appellants leave to appeal to the Robinson Township Civil Service Commission (Civil Service Commission) nunc pro tunc. The appellees have filed a cross-appeal contending that the court of common pleas erred in allowing an appeal nunc pro tunc after the expiration of the statutory appeal period. We affirm that part of the trial court's order which sustained the appellees' preliminary objections, and we reverse that part of the trial court's order

which granted appellants leave to file a nunc pro tunc appeal to the Civil Service Commission.

The trial court examined the appellants' complaint to determine whether it set forth a cause of action. The trial court in its opinion, stated the following about the complaint:

On January 26, 1988 the Robinson Township Civil Service Commission held a regular meeting. At that meeting the majority commissioners, three of the named defendants, appeared and requested a copy of the eligibility list for the promotion of police officers. Thereafter on January 27, 1988 defendant Winning, president of the Board of Commissioners, wrote a letter to the Civil Service Commission authorizing the immediate promotion of defendants Bradley and Ambrose to the rank of Sergeant. Bradley was number one and Ambrose number three on the eligibility list. The majority commissioners made the decision to promote Bradley and Ambrose on January 26, 1988 without a public hearing in violation of the Sunshine Act. Plaintiffs' complaint then acknowledges that the action of January 26, 1988 was thoroughly debated at a regular meeting of the entire board of commissioners where resolution No. 1 was adopted re-affirming the promotion of these two police officers. Plaintiffs then argue that the February 8, 1988 re-affirmation of the January 26, 1988 action was invalid because the eligibility list from which the officers were promoted was outdated.

Since there were no factual disputes, the trial court could interpret the applicable law and resolve the merits of the claim. The trial court found that the complaint failed to state a cause of action.

Our scope of review is limited to a determination of whether it appears with certainty that the law will permit no relief, given the truth of the facts pleaded. *Bryson v. Solomon et al.*, 97 Pa. Commonwealth Ct. 530, 510 A.2d 377 (1986), *appeal denied, Bryson v. Board of Education*, 519 Pa. 668, 548 A.2d 257 (1988).

Section 272(a) of the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §272(a), states that it is the right of the public to have notice of and to attend all meetings of agencies at which any agency business is discussed or acted upon. In section 278(a)(1) of the Sunshine Act, 65 P.S. §278(a)(1), it is recognized that an agency may hold closed executive sessions involving the employment, appointment, termination of employment and promotions, but that in so doing any *official action* pursuant thereto shall be taken at an open meeting or may be announced for a future time.

The trial court, relying on *Doverspike v. Black*, 535 A.2d 1217 [*affirmed following reconsideration*, 126 Pa. Commonwealth Ct. , 541 A.2d 1191 (1988)], held that the February 8, 1988 public meeting of the Board of Commissioners, where the resolution was passed after debate ratifying the actions taken on January 26, 1988, renders the minority commissioners' argument as to the Sunshine Act moot. This meeting, of February 8, 1988, satisfied the requirements of the Sunshine Act. The public's right-to-know and to be present at this decision-making meeting was in accordance with the intent of the legislature, particularly where, as here, there was no allegation of fraud.

In connection with leave to appeal to the Civil Service Commission nunc pro tunc as granted by the trial court, the leave was granted on the basis of an agreement between all the parties at the time of argument on the preliminary objections that the appellees would not object to the late appeal in consideration of the appellants

not appealing the order sustaining the preliminary objections. The trial court erred in granting appellants leave to appeal nunc pro tunc to the Civil Service Commission. Appeal periods, even at the administrative level, are jurisdictional. *Fritz v. Workmen's Compensation Appeal Board (Kim·Manufacturing Co., Inc.)*, 107 Pa. Commonwealth Ct. 168, 527 A.2d 636 (1987). The time for taking an appeal cannot be extended as a matter of grace. *See West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). However, if there was fraud or some breakdown in the agency's operations, then an untimely appeal may be permitted. *Martin v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 345, 514 A.2d 204 (1986). Here, since the appeal was not timely, and there was no fraud or breakdown in the Civil Service Commission's operations, the Civil Service Commission does not have the authority to hear the merits of the case.

Accordingly, we affirm that part of the trial court's order which sustained the appellees' preliminary objections, and we reverse that part of the trial court's order which granted the appellants leave to appeal to the Civil Service Commission nunc pro tunc.

## ORDER

NOW, April 10, 1989, that part of the order of the Court of Common Pleas of Allegheny County, No. GD88-03084, which sustained the preliminary objections of the appellees is affirmed. That part of the trial court's order which granted the appellants leave to appeal to the Robinson Township Civil Service Commission nunc pro tunc is reversed.