SHEETZ, INC., Appellant

v.

PHOENIXVILLE BOROUGH
COUNCIL.

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.
Decided July 10, 2002.
Reargument Denied Aug. 30, 2002.

John A. Van Luvanee, Doylestown, for appellant.

Glenn R. Diehl, West Chester, for appellee.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and JIULIANTE, Senior Judge.

Opinion by President Judge COLINS.

Sheetz, Inc. appeals from the September 27, 2001 order of the Court of Common Pleas of Chester County (trial court) affirming Phoenixville Borough Council's (Borough Council) decision denying Sheetz a conditional use permit. We affirm the order of the trial court.

On November 2, 2000, Sheetz applied for a conditional use permit for a service station pursuant to Section 1602.B.23 of the Borough of Phoenixville's zoning ordinance. The proposed use, located in a light industrial/commercial/office—2 district, would include gasoline sales and a convenience store. Most of the property is located in the Borough of Phoenixville, but a small parcel is located in Schuylkill Township. The property abuts two streets and is located next to a residential dwelling unit.

Hearings were held on December 12, 2000, January 11, 2001, and January 30, 2001. At a meeting on March 26, 2001, Borough Council denied Sheetz's application citing several violations of the zoning ordinance. Borough Council found that the proposed use requires a 40–foot buffer because the property abuts a residential development and a planted buffer screen between all the proposed parking areas. As a result, Borough Council concluded that the applications did not show the requisite buffer and landscaping. In addition, Borough Council found that the trash enclosure, parking area, freestanding roof,

and fuel pumps violated the ordinance's side yard requirement. Borough Council also cited requirements for canopies and square footage over the maximum 2,000 square feet.

Sheetz appealed Borough Council's denial of its application for a conditional use to the trial court. The trial court denied the appeal, finding that the violated requirements listed by Borough Council are part of the general requirements and standards that must be met for a conditional use to be granted. The trial court also stated that the Pennsylvania Municipalities Planning Code (MPC)[1] and Sunshine Act[2] do not obligate Borough Council to provide Sheetz with written notice of the March 26, 2001 meeting wherein Borough Council rendered its decision.

On appeal,[3] Sheetz raises two issues for our review. First, Sheetz maintains that it established that the proposed use conforms with the standards found in Sections 3410 and 3411 of the zoning ordinance and that Borough Council incorrectly treated the application as a land development application rather than a conditional use application. Sheetz argues that Borough Council considered issues relevant to final land development approval in order to deny the application, thereby focusing on the engineering and land development issues rather than focusing on the application for a conditional use itself. Sheetz maintains that because it established that its plan conforms to all of the applicable requirements to conditional use approval of a service station, it is entitled to the conditional use approval.

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

2. 65 Pa.C.S. §§ 701–716.

3. Because no additional evidence was submitted to the trial court, our scope of review is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Kissell v. Ferguson Township Zoning Hearing Board,* 729 A.2d 194 (Pa.Cmwlth.1999).

Sheetz further contends that during the zoning hearings, it presented sufficient evidence establishing that the proposed use would be suitable in terms of traffic safety, buffering, and noise abatement.

In opposition, Borough Council argues that Sheetz did not meet its burden of proving that its proposed use complies with the requisite standards of a service conditional use. It emphasizes that Sheetz is not entitled to approval of its application by allowing them to establish compliance later in the context of a land development plan application. It cites Section 3411, General Conditions for Conditional Use, which provides that a conditional use shall be granted when the applicant meets specific requirements.[4] Borough Council argues that the violated requirements listed in its decision are part of the general requirements and standards that must be met for a conditional use to be granted. As such, Borough Council maintains that Sheetz failed in its burden of establishing its application's compliance with the necessary requirements as a precondition to approval.

■■■ In addressing an application for a special exception or condition,[5] a zoning hearing board must employ a shifting burden of persuasion. *McGinty v. Zoning Board of Adjustment of the City of Pittsburgh*, 717 A.2d 34 (Pa.Cmwlth.1998). Initially, the applicant must demonstrate its entitlement to a special exception by establishing compliance with the specific objective requirements for the exception detailed in the ordinance. *Bray v. Zoning Board of Adjustment*, 48 Pa.Cmwlth. 523, 410 A.2d 909 (1980). Once the applicant has satisfied this initial burden, the burden then shifts to any objectors to establish that the proposed exception would be detrimental to the public health, safety and welfare. In *Bray*, we stated that the applicant must bring the proposal within specific requirements expressed in the ordinance, including "[s]pecific requirements applicable to such kind of use even when not a special exception-e.g., setback limits or size maximums or parking requirements applicable to that type of use whenever allowed, as a permitted use or otherwise." 410 A.2d at 911.

Sheetz has the burden of establishing the application's compliance with the violated requirements before approval. *Bray*. Borough Council found that Sheetz failed to demonstrate compliance with several requirements within the zoning ordinance. Sheetz is not permitted to evade these requirements because a service station is a conditional use, and upon review, Borough Council properly denied the application.

■■■ As its second issue, Sheetz alleges that Borough Council's decision took place at a meeting for which Sheetz had no

---

4. Section 3411(c)15 provides regulations applicable to a service station, car wash facility, and automobile repair. These requirements include:

    a. Determine if the buffer requirements of Part 30 need to be supplemented.

    b. Show where junk vehicles, parts, and refuse are to be stored.

    c. Determine if any improvements are necessary for noise abatement.

    d. Provide a water impact study, if a car-washing facility is proposed.

5. The law regarding conditional uses and special exceptions is virtually identical. *Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc.*, 59 Pa.Cmwlth. 479, 430 A.2d 367 (1981); *Greensburg City Planning Commission v. Threshold, Inc.*, 12 Pa.Cmwlth. 104, 315 A.2d 311 (1974). Because an application for a conditional use is analogous to a special exception, the burden of proof standards are the same for both. *White Advertising Metro, Inc. v. Zoning Hearing Board of Susquehanna Township*, 70 Pa. Cmwlth. 308, 453 A.2d 29 (1982).

written notice, in violation of MPC Section 908(1), 53 P.S. § 10908(1) and the Sunshine Act, 65 Pa.C.S. §§ 701–716.[6] Section 908(1) of the MPC provides,

> The board shall conduct hearings and make decisions in accordance with the following requirements:
>
> (1) Public notice shall be given and written notice shall be given to the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. Written notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board. In addition to the written notice provided herein, written notice of said hearing shall be conspicuously posted on the affected tract of land at least one week prior to the hearing.

53 P.S. § 10908(1). In addition, Sheetz cites *Kennedy v. Upper Milford Township Zoning Hearing Board*, 779 A.2d 1257 (Pa. Cmwlth.2001), wherein the appellants argued that the zoning hearing board conducted quasi-judicial deliberations during a recess in violation of Section 708(a)(5) of the Sunshine Act, 65 Pa.C.S. § 708(a)(5).[7]

Contrary to Sheetz's assertions, the March 26, 2001 meeting was not a hearing, but a regular meeting of Borough Council. While Sheetz attempts to characterize the March 26, 2001 meeting as a hearing, it was not exclusively held to deny Sheetz's application. In addition, unlike *Kennedy*, there were no secret deliberations conducted outside of a public meeting. Sheetz received proper notice of, and par-

ticipated in, all hearings on the application, and written notice is not supported in the MPC or the Sunshine Act in regard to this matter.

Accordingly, the order of the trial court is affirmed.

## *O R D E R*

**AND NOW,** this 10th day of July 2002, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.

---

**6.** Sheetz does not assert that Borough Council failed to publish notice of the March 26, 2001 meeting in the newspaper.

**7.** The Sunshine Act states: "Official action and deliberations by a quorum of the mem-

bers of an agency shall take place at a meeting open to the public unless closed under section ... 708 (relating to executive sessions)...." 65 Pa.C.S. § 704.