# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Appeal of AMA/American Marketing Association, Inc. from the Decision of the Borough Council of Ambler Borough, on May 21, 2014 dated May 22, 2014 Denying its Application for Final Land Development Approval for a Townhome Development | : : : : : : : : : : | No. 643 C.D. 2015 |
| Appeal of: AMA/American Marketing Association, Inc. | : : | |
| | : | |
| In Re: Appeal of AMA/American Marketing Association, Inc. from the Decision of the Borough Council of Ambler Borough, dated March 18, 2014 Denying its Application for Conditional Use for a Townhouse Development | : : : : : : : : : | No. 644 C.D. 2015 Argued: May 13, 2016 |
| Appeal of: AMA/American Marketing Association, Inc. | : : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: June 14, 2016**


In these consolidated zoning and land development appeals, AMA/American Marketing Association, Inc. (Applicant) asks whether the Court of Common Pleas of Montgomery County[1] (trial court) erred in affirming the

---

[1] The Honorable Carolyn Tornetta Carluccio presided.

decisions of the Ambler Borough Council (Council) that denied Applicant's applications for conditional use and final land development approval for its proposed townhome development. Applicant argues Council erred in denying its conditional use application and final land development plan where Council's findings were not supported by substantial evidence. Upon review, we affirm.

## I. Background

Applicant owns property with frontage on Chestnut Street in the Borough of Ambler (Borough), Montgomery County (property). The property consists of approximately 4.58 acres and is zoned OC Office Campus. It also lies within the RO Redevelopment Overlay district. Transit-Oriented Developments (TODs) are permitted by conditional use in the RO district under the 1996 Zoning Ordinance of Ambler (zoning ordinance).

In February 2013, Council granted conditional, preliminary approval of Applicant's land development application for a proposed townhome development. Council conditioned its grant of preliminary land development approval on Applicant's resolution of all outstanding items in the review letter prepared by Gilmore & Associates, Inc. (Borough's Engineer), which included numerous issues under the zoning ordinance and the Borough's Subdivision and Land Development Ordinance (SALDO).

In addition, Applicant filed a conditional use application with Council. In particular, Applicant requested approval for the proposed design, placement and installation of a 40-townhome TOD along with roadways, drives, parking, stormwater management facilities and related improvements.

2

Council held a hearing on the conditional use application.[2] An adjoining property owner requested and was granted party status. After the hearings, Council issued a decision in which it denied Applicant's conditional use application. In so doing, it made the following findings.

Matthew Z. Kensil, P.E., who was recognized as an expert in civil engineering, testified on Applicant's behalf (Applicant's Engineer). Council noted that Applicant's Engineer never worked on a TOD. Applicant's Engineer testified that the standards that apply to all conditional use applications in the RO district are set forth in Section 27-413 of the zoning ordinance. He testified the additional standards that apply specifically to TOD conditional use applications in the RO district are provided for in Section 27-2703(E)(4) of the zoning ordinance.

Applicant's Engineer explained that the property is zoned OC, and it is located within 500 feet of an existing rail station and supporting parking lot. The property has approximately 1,000 feet of frontage on a commuter rail line.

Applicant's Engineer testified that Applicant's development proposes connections for both public water and sewer. He testified the townhomes in the proposed development would incorporate unspecified, but varying architectural elements. Applicant's Engineer testified the development proposes sidewalk connections to adjacent tracts, but no sidewalk would be provided along Chestnut

---

[2] Prior to the conditional use hearing, Council approved a text amendment to the zoning ordinance, which permitted Applicant to place its proposed townhome development on a 4-acre lot if it had 750 feet of railroad frontage and was within 500 feet of a railroad station or its parking lot. This text amendment is not directly at issue here.

3

Avenue. He also testified Applicant would hire a private trash hauler for garbage and recycling collection if the Borough would not collect trash for the development. Applicant's Engineer further testified the development proposes a landscaped buffer along adjacent property lines, but only where feasible. Applicant's Engineer testified proposed lighting fixtures within the development would be a maximum of 15 feet in height, that all proposed lighting fixtures are to be designed and installed so as to minimize spillover onto adjacent properties and a lighting plan was in the process of being revised so as to conform with all requirements in the zoning ordinance and the SALDO.

Applicant's Engineer testified the homeowners' association documents for the development would be provided to the Borough. Applicant's Engineer also testified a traffic impact study conducted for a previous development indicated acceptable traffic impact on intersections within 1,000 feet of the property. Applicant's Engineer testified the property is immediately adjacent to a property that is currently under the jurisdiction of the U.S. Environmental Protection Agency (EPA) as a brownfield Superfund site as a result of asbestos stockpiles on that property. Applicant's Engineer also testified the Borough Planning Commission had not yet issued any recommendation as to the proposed development. Applicant's Engineer testified that 10 common (or overflow) parking spaces, in addition to garages, are proposed as part of the development. Applicant's Engineer testified that if the adjacent property were not the subject of a proposed development, the property would have no sidewalk connection to the train station.

Council also made the following conclusions of law. A conditional use is a special exception that falls within the jurisdiction of the municipal legislative body rather than the zoning hearing board. Section 603(c) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10603(c). A local governing body may grant a conditional use pursuant to its police power to regulate land use. Clinton Cnty. Solid Waste Auth. v Wayne Twp., 643 A.2d 1162 (Pa. Cmwlth. 1994). The fact that a use is permitted as a conditional use, rather than prohibited, reflects a legislative decision that the use is not *per se* adverse to the public interest. K. Hovnanian Pa. Acquisitions, LLC v. Newtown Twp. Bd. of Supervisors, 954 A.2d 718 (Pa. Cmwlth. 2008); Susquehanna Twp. Bd. of Comm'rs v. Hardee's Food Sys., Inc., 430 A.2d 367 (Pa. Cmwlth. 1981).

In order to show an applicant is entitled to the conditional use, the applicant initially bears the burden of establishing the application complies with the zoning ordinance's objective standards. Visionquest Nat'l, Ltd. v. Bd. of Supervisors of Honey Brook Twp., Chester Cnty., 569 A.2d 915 (Pa. 1990); City of Hope v. Sadsbury Twp. Zoning Hearing Bd., 890 A.2d 1137 (Pa. Cmwlth. 2006). Satisfaction of the applicant's burden establishes a legislative presumption that the use is consistent with the health, safety, and welfare of the community. Susquehanna Twp. If the applicant satisfies this initial burden, the burden shifts to any objectors to rebut this presumption by establishing the use will have a detrimental impact on the surrounding community. Joseph v. N. Whitehall Twp. Bd. of Supervisors, 16 A.3d 1209 (Pa. Cmwlth. 2011); Sheetz v. Phoenixville Borough Council, 804 A.2d 113 (Pa. Cmwlth. 2002).

5

A local governing body hearing a conditional use application is free to reject even uncontradicted testimony if it finds it lacking in credibility, including testimony offered by an expert witness. Taliaferro v. Darby Twp. Zoning Hearing Bd., 873 A.2d 807 (Pa. Cmwlth. 2005).

Here, Council determined Applicant did not meet its burden of establishing its proposed conditional use complied with the objective standards set forth in the zoning ordinance. More particularly, Applicant did not present sufficient evidence or testimony to satisfy the specific conditional use criteria set forth in Section 27-2703(E)(4) of the zoning ordinance. To that end, Applicant did not demonstrate:

> a. that the lot to be developed is in one ownership or subject to an application filed jointly by the owners of each lot under consideration - §27-2703(E)(4)(a)(6);
>
> b. that the development would be designed to be compatible in use with existing Borough development, and in its residential and nonresidential components in terms of architecture, building materials, massing, and scale - §27-2703(E)(4)(a)(7);
>
> c. that the development would comply with maximum building and impervious surface coverage requirements - §27-2701(E)(4)(b)(2);
>
> d. that the development would comply with yard setback and building height requirements - §27-2703(E)(4)(b)(3);
>
> e. that the development would comply, with maximum building length requirements - §27-2703(E)(4)(b)(4);
>
> f. that the development would satisfy the various building spacing requirements - §27-2703(E)(4)(b)(5);

g. that the building front facades would be oriented towards an internal or external street or driveway - §27-2703(E)(4)(b)(6);

h. that there would be no blank walls in the development - §27-2703 (E)(4)(b)(7)(a);

i. that the development would provide all pedestrian connection requirements - §27-2703(E)(4)(d)(2);

j. that all sidewalks within 300 feet of the transit station would be a minimum of five feet in width §27-2703(E)(4)(d)(4);

k. that site amenities, such as bicycle racks, benches and trash receptacles would be provided in appropriate locations - §27-703(E)(4)(d)(5);

l. that parking would be provided for residential units at a rate of 1.5 spaces per unit - §27-2703(E)(4)(e)(1);

m. that parking spaces would be interconnected and cross-easements would be provided to ensure shared use where appropriate - §27-2703(E)(4)(e)(2);

n. that off-street parking and garages would be designed such that vehicular access to such parking or garages would not unnecessarily obstruct the primary internal driveways or existing external streetscape - §27-2703(E)(4)(e)(3);

o. that dedicated areas for trash loading and disposal would be provided for, and that such areas would be located to the side or rear of buildings and would be screened from view from public streets - §27-2709(E)(4)(f)(1), (2);

p. that the development would comply with all applicable landscape buffer requirements - §27-2703(E)(4)(g);

q. that the development would comply with all open space requirements - §27-2703(E)(4)(h);

r. that the development would comply with light placement and illumination requirements - §27-2703(E)(4)(i)(1);

7

s. that the development would comply with all lighting design requirements - §27-2703(E)(4)(i)(2);

t. that the development would, comply with all light spillover requirements - §27- 2703(E)(4)(i)(4); and,

u. that the development would comply with all access and interior circulation requirements - §27-2703(E)(4)(k).

Borough Council's Dec. & Order, 4/24/14, Concl. of Law No. 9.

Council further determined Applicant did not present sufficient evidence to satisfy the general conditional use criteria contained in Section 27-413(1)(D) of the zoning ordinance. Specifically, Applicant did not demonstrate the proposed development:

a. would not be detrimental to or endanger the public health, safety, or welfare - §27-413(1)(D)(1). In this regard, no evidence was presented to demonstrate how the use of the yards associated with townhomes would be limited or monitored to account for the yards being placed over remediated asbestos;

b. would not impede the normal and orderly development and improvement of the surrounding properties for permitted uses - §27-413(D)(2);

c. would include adequate utilities, access roads, drainage facilities and other necessary infrastructure - §27-413.1(D)(3); and,

d. had or would have taken adequate measures to provide ingress and egress, designed to minimize congestion on public streets - §27- 413.1(D)(4); while the ordinance recognizes the ability to satisfy these requirements in the future from the evidence presented it did not appear that Applicant could provide proper ingress and egress under any scenario.

8

Concl. of Law No. 10. Council also determined Applicant did not present sufficient evidence to satisfactorily address the concerns raised in the review letters prepared by the Borough's Engineer. For all these reasons, Council denied Applicant's conditional use application.

Shortly thereafter, Council denied Applicant's application for approval of its final land development plan based primarily on Applicant's failure to obtain conditional use approval. Council also stated Section 22-308(I)(7) of the SALDO required Applicant to submit copies of all necessary permits from governmental agencies from which approval was required by federal or state law. Here, Applicant did not show it received the required permits from the Pennsylvania Department of Environmental Protection (DEP) or the Montgomery County Conservation District. Council also noted the Montgomery County Planning Commission voted to deny making a recommendation to Council on Applicant's plan until Council granted conditional use approval. Additionally, the Planning Commission recommended that approval be withheld until any comments and legal questions regarding the proposed Chestnut Street right-of-way were resolved to the Borough's satisfaction.

Applicant appealed Council's decisions denying its conditional use and final land development applications to the trial court. The trial court consolidated the appeals. Without taking additional evidence, the trial court affirmed both decisions.

Applicant appealed to this Court, and the trial court directed it to file a concise statement of the errors complained of on appeal, which it did. The trial court subsequently issued an opinion pursuant to Pa. R.A.P. 1925(a) in which it explained, in relevant part:

> In [its] [o]pinion, [Council] explains that it denied [Applicant's] conditional use request due to the fact that at the hearing [Applicant] failed to meet [its] burden in establishing compliance with the [zoning] [o]rdinance's objective standards and criteria. Indeed, [Council's] Decision and Order [cites] <u>numerous</u> [o]rdinance criteria that [Applicant] failed to meet. In this regard, the trial court respectfully requests that the appeal court see [Council's] Decision and Order, Paragraphs 8, 9, 10 and 11 .… Moreover, [Council's] findings and conclusions are all supported by the record from the conditional use hearing.
>
> That is, the underlying record clearly demonstrates that [Council] had substantial evidence to support [its] conclusion that [Applicant] failed to meet the express standards and requirements of the [zoning ordinance]. To illustrate such substantial evidence, the trial court again respectfully requests that the appellate court review the *Notes of Testimony from Conditional Use Hearing dated March 18, 2014, pgs. 22-30; pgs. 34-42; pg. 53; pg. 56; and pgs. 60-61*. A review of the record shows that there was substantial testimony presented by [Applicant's] own engineer indicating that [Applicant's] application did not meet the [zoning ordinance] criteria. In fact, the trial court notes that [Council] cited numerous deficiencies as a basis for its denial. However, in actuality, [Council] could have denied the request with only one deficiency. This is because a conditional use must comply with all ordinance requirements. In short, in [its] discretion, [Council] could have denied [Applicant's] conditional use request on any one of the [25] enumerated deficiencies that it cited in its Order. …
>
> [Applicant] argues that [Council] misinterpreted and misapplied Sections 27-413 and 27-2703 of the [zoning ordinance] when it denied [Applicant's] conditional use request. The trial court is unable to address this appellate claim given that [Applicant]

10

fails to specify how [Council] misinterpreted and/or misapplied the specific [zoning] [o]rdinance [s]ections cited. Further, any misapplication argument is of no moment because … there was no abuse of discretion by [Council] when it denied [Applicant's] conditional use request.

Lastly … [Council] denied [Applicant's] final subdivision and land development plan approval because [Applicant] did not first obtain a conditional use. It is well settled law that subdivision and land development approval cannot be granted until the conditional use approval is first obtained. In re Thompson, 896 A.2d 659, 670 [(Pa. Cmwlth. 2006)]. Here the conditional use was denied on April 17, 2014, and thereafter, [Applicant] applied for final subdivision and land development plan approval. Accordingly, [Council] correctly denied the final plan request due to the fact that [Applicant] had not received a conditional use.

Tr. Ct., Slip Op., at 4-5, 6-7 (emphasis in original). This matter is now before us for disposition.[3]

---

[3] Before this Court, Intervenor Maple Avenue Park Partners, LLC (MAPP) filed a motion to strike certain documents from Applicant's Reproduced Record on the ground these documents were not part of the record before Council, and, although Applicant attempted to supplement the record before the trial court with these documents, the trial court denied Applicant's request. Applicant filed an answer to MAPP's motion, and a single judge of this Court heard oral argument. Thereafter, the single judge entered the following order:

[U]pon consideration of appellee [MAPP's] 'Motion To Strike Portions of Appellant's Reproduced Record,' [Applicant's] answer thereto, and after oral argument on the issue by counsel of record, the Motion is granted. Pages 31a-41a, 116a-154a, and 166a-172a of the reproduced record are stricken and shall not be considered by the Court in disposition of the appeal. *See Fotta v. Workmen's Comp. Appeal Bd. (U.S. Steel/USX Corp. Maple Creek Mine)*, 626 A.2d 1144, 1147 n.2 (Pa. 1993) (review is limited to matters appearing in the record); *B.K. v. Dep't of Public Welfare*, 36 A.3d 649 (Pa. Cmwlth. 2012) (same).

Cmwlth. Ct. Order, Dkt. Nos. 643, 644 C.D. 2015, 3/21/16, at 1.

11

## II. Issues

On appeal,[4] Applicant argues Council's denial of its conditional use application constitutes an error of law or an abuse of discretion where it was based on findings that were not supported by substantial evidence. Applicant also contends Council's denial of its final land development plan constitutes an error of law or abuse of discretion where it was based on findings that were not supported by substantial evidence.

## III. Discussion
### A. Conditional Use
#### 1. Contentions

Applicant argues this matter involves its consolidated appeals of Council's denial of its conditional use and final land development applications. Applicant contends, although Council previously granted conditional preliminary land development approval for Applicant's townhome development, the zoning ordinance also required conditional use approval of all uses in the zoning district in which the property is located.

Although conditional use approval concerns the use of the property, which Council already preliminarily approved, Applicant maintains, it proceeded with its conditional use application and subsequently its final land development

---

[4] Where, as here, the trial court did not take additional evidence, our review is limited to determining whether Council abused its discretion or committed an error of law in granting the conditional use application. Aldridge v. Jackson Twp., 983 A.2d 247 (Pa. Cmwlth. 2009).

In addition, where the trial court takes no additional evidence, the scope of appellate review in a land development appeal is limited to determining whether the local governing body committed an error of law or an abuse of discretion. Kassouf v. Twp. of Scott, 883 A.2d 463 (Pa. 2005).

application and plan. Applicant asserts Council denied the conditional use application based on findings unsupported by substantial evidence. Thus, it argues, Council's denial of its conditional use application was an error of law and an abuse of discretion and should be overturned.

In response, Maple Avenue Park Partners, LLC (MAPP), which owns property adjacent to Applicant's proposed development, which it seeks to develop as an apartment complex, asserts the law (as well as the zoning ordinance itself) is clear that an applicant seeking conditional use approval must prove compliance with both the specific and general conditional use standards and criteria set forth in the applicable zoning ordinance. See, e.g., Thompson.

MAPP maintains Section 27-413(1)(D) of the zoning ordinance sets forth general conditional use standards and criteria that must be satisfied by all proposed conditional uses. Additionally, Section 27-2703(E)(4) of the zoning ordinance sets forth TOD-specific conditional use standards and criteria that must also be satisfied by all proposed TOD uses.

After a review of the evidence and testimony submitted during the hearing, MAPP argues, Council concluded in Conclusion of Law No. 9 that Applicant did not demonstrate compliance with 21 of the TOD-specific conditional use standards and criteria set forth in Section 27-2703(E)(4) of the zoning ordinance. Council further concluded in Conclusion of Law No. 10 that Applicant did not demonstrate compliance with four of the general conditional use standards and criteria set forth in Section 27-413(1)(D) of the zoning ordinance.

13

MAPP contends Applicant fails to advance any evidence or valid argument in support of its claim that any (let alone all 25) of Council's conclusions related to Applicant's failure to comply with the express conditional use criteria applicable to Applicant's proposed development were not supported by substantial evidence. To the contrary, it argues, Council's conclusions of law were clearly supported by the record, specifically, by the complete lack of any evidence Applicant submitted at the hearing to establish compliance. In fact, MAPP maintains, in its opinion, the trial court explained Council's findings and conclusions were all supported by the record from the hearing.

In short, MAPP argues, because Council's conclusions on Applicant's conditional use Application were clearly supported by substantial evidence, and were properly affirmed by the trial court, this Court should affirm.

In particular, MAPP points out, the trial court directed this Court's attention to certain pages of the hearing transcript in which Applicant's Engineer, its lone witness, explicitly testified the conditional use application: (1) did not include sidewalks as required by §27-2703(E)(4)(d)(2) of the zoning ordinance, Reproduced Record (R.R.) at 75a; (2) did not comply with all applicable landscaping buffer requirements required by §27-2703(E)(4)(g) of the zoning ordinance, R.R. 86a; (3) did not include a lighting placement, design, illumination or spillover plan as required by §§27-2703(E)(4)(i)(1), 27-2703(E)(4)(i)(2), 27-2703(E)(4)(i)(4) of the zoning ordinance, R.R. at 87a-88a; (4) did not meet the parking requirement of 1.5 spaces per residential unit (if Council excluded from that calculation the garages, which often times are used for additional storage), as

14

required by §27-2703(E)(4)(e)(1) of the zoning ordinance, R.R. at 92a; (5) did not include a conceptual utility plan as required by §27-413(1)(D)(3) of the zoning ordinance, R.R. at 93a; and, (6) that the DEP Act 2[5] process (which has not occurred) would have to be completed before a determination could be made as to whether the proposed development would be detrimental to or endanger the health, safety and welfare of the general public, as required by §27-413(1)(D)(1) of the zoning ordinance, R.R. at 93a. Thus, MAPP asserts, as confirmed by the trial court, Council's denial of the conditional use application was supported by substantial evidence, and was therefore not an abuse of discretion or an error of law.

For its part, the Borough contends Applicant's central argument is that conditional use approval must be granted because preliminary conditional land development approval was previously granted. The Borough asserts Applicant cites no legal authority for this novel proposition, having backed away from the authority it cited to the trial court. The Borough argues it is legally incorrect to state the grant of a preliminary conditional land development approval compels the grant of conditional use approval.

The Borough further maintains Applicant also attempts to challenge some of Council's specific determinations as set forth in Council's findings of fact and conclusions of law. Aside from the issue of ingress/egress, the Borough asserts, Applicant did not present these arguments before the trial court, a point

---

[5] "Act 2" refers to the Land Recycling and Environmental Remediation Standards Act, Act of May 19, 1995, P.L. 4, No. 2, 35 P.S. §§6026.101–6026.908.

15

which the trial court acknowledged in its opinion. Therefore, the Borough asserts, Applicant's contentions on these issues are waived.

The Borough adds that from a fair reading of the record, see R.R. at 68a, it is fairly easy to see what happened here. Applicant's counsel walked his expert witness through the various points raised in the Borough Engineer's review letter. However, that review letter did not purport to offer comment on every conditional use standard or criterion in the zoning ordinance. By addressing the letter, rather than the full list of criteria in the zoning ordinance, the Borough asserts, items were skipped entirely. The Borough argues that this placed Applicant in the untenable position of arguing it did not have to address each conditional use standard or criterion on the ground that the preliminary land development approval is, according to Applicant, tantamount to a conditional use approval.

**2. Analysis**

At the outset, we note, Council is the fact-finder here, with exclusive province over matters of credibility and weight to be afforded the evidence. Caln Nether Co., L.P. v. Bd. of Supervisors of Thornbury Twp., 840 A.2d 484 (Pa. Cmwlth. 2004). As such, Council may reject even uncontradicted testimony if it finds it lacking in credibility. Id. We will not engage in fact-finding or disturb Council's credibility determinations on appeal. Id.

Further, a conditional use is one specifically recognized by the legislature as consistent with the zoning plan. Aldridge v. Jackson Twp., 983 A.2d

16

247 (Pa. Cmwlth. 2009). As such, it is presumed the particular type of use does not, of itself, adversely affect public interest. Id.

In addressing an application for a conditional use, a local governing body must employ a shifting burden of persuasion. Id. First, the applicant must persuade the local governing body its proposed use is a type permitted by conditional use and the proposed use complies with the requirements in the ordinance for such a conditional use. Id. Once it does so, a presumption arises the proposed use is consistent with the general welfare. Id. The burden then shifts to objectors to rebut the presumption by proving, to a high degree of probability, the proposed use will adversely affect the public welfare in a way not normally expected from the type of use. Id.

In addition, a local governing body is entitled to considerable deference in interpreting its zoning ordinance. Id.

Section 27-2703(E) of the zoning ordinance permits a TOD by conditional use in the RO district. Section 27-413(1)(D) of the zoning ordinance sets forth four criteria that are generally applicable to all conditional use requests in the Borough. Additionally, Section 27-2703(E)(4) contains numerous detailed "Conditional Use Standards" specific to TODs. Id.

Here, Council determined Applicant's conditional use application contained 21 deficiencies when viewed in light of the specific conditional use standards applicable to TODs, and the application did not satisfy any of the 4

17

general conditional use criteria. As the Borough argues, with the exception of its argument relating to ingress and egress for the development, in its brief to the trial court Applicant did not challenge Council's determinations regarding Applicant's failure to satisfy the standards required for conditional use approval of its proposed TOD. See Certified Record (C.R.), Tr. Ct. Dkt. No. 2014-08599, Br. of Appellant AMA/American Marketing Association. Nor did Applicant identify or challenge any of Council's findings or conclusions regarding Applicant's failure to comply with the conditional use standards in its land use appeal to the trial court. R.R. at 5a-7a.[6] As such, Applicant's challenges to Council's determinations regarding its failure to comply with nearly all of the zoning ordinance's conditional use criteria

---

[6] The only arguably relevant contentions in Applicant's land use appeal were:

> 5. During the course of the Hearing held on March 18, 2014 [Applicant] presented testimony to demonstrate that [Applicant] would be able to meet the requirements of the Borough Ordinance for the Conditional Use in its Final Land Development Plans.

> 6. The March 18, 2014 Denial by Council of [Applicant's] Conditional Use Application did not indicate that [Applicant] was unable to satisfy the requirements to obtain Conditional Use Approval[.]

> * * * *

> 14. [Applicant] is entitled to Approval of its Conditional Use Application in accordance with the provisions of the Borough Ordinance[.]

> * * * *

> 16. The action of Council in Denying [Applicant's] Application for Conditional Use is not authorized by any code, ordinance, or statute and is contrary to same and therefore procedurally defective, void and of no effect.

Reproduced Record at 6a, 7a (emphasis added).

18

are waived.  See Berner v. Montour Twp., 120 A.3d 433 (Pa. Cmwlth. 2015) (failure to raise issue before trial court results in waiver).

Nevertheless, even if not waived, our review of the record supports Council's determinations regarding Applicant's failure to satisfy several of the zoning ordinance's conditional use standards applicable to TODs.  In particular, Applicant did not clearly establish compliance with the following zoning ordinance provisions: (1) Section 27-2703(E)(4)(d)(2) (stating that convenient pedestrian connections shall be provided from all residential entrances to parking areas, open space and recreational areas, as well as to the transit station to be served by the TOD); (2) Section 27-2703(E)(4)(g) (relating to required planting buffers); (3) Section 27-2703(E)(4)(i)(1), (2), (4) (relating to lighting standards); (4) Section 27-413(1)(D)(3) (imposing a requirement that adequate utilities are present or will be provided); (5) Section 27-2703(E)(4)(b)(2) (relating to maximum building and impervious coverage requirements); (6) Section 27-2703(E)(4)(b)(4) (relating to maximum building length requirements); (7) Section 27-2703(E)(4)(b)(5) (setting forth building spacing requirements); (8) Section 27-2703(E)(4)(b)(6) (pertaining to building orientation); (9) Section 27-2703(E)(4)(b)(7)(a) (stating that blank walls are not permitted); (10) Section 27-2703(E)(4)(e)(2) (parking areas shall be interconnected and cross-easements provided to ensure shared use is provided where appropriate); and, (11) Section 27-2703(E)(4)(e)(3) (off-street parking and garages should be designed such that vehicular access to such parking or garages does not unnecessarily obstruct primary internal driveways or the existing external streetscape).  Thus, even if Applicant properly preserved its challenge to Council's

19

determinations that it did not satisfy the zoning ordinance's conditional use criteria, Council acted properly in denying Applicant's conditional use application.

> Indeed, on cross-examination Applicant's Engineer testified:
>
> Q. … I noticed a number of the specific conditional use standards. Your, response was that they will be addressed later in the land development process; is that right?
>
> A. That's correct.
>
> Q. So lighting and all of the other requirements set forth by [the Borough's Engineer] under conditional use standards are going to be addressed not now but later in the land development process?
>
> A. That's correct.

R.R. at 87a-88a (emphasis added). Clearly, Applicant's Engineer's testimony was insufficient to satisfy Applicant's burden to obtain the requested conditional use. As we explained in Thompson:

> An applicant for special exception or conditional use must demonstrate that his proposed use meets the applicable requirements of the zoning ordinance when the application is submitted. A promise to comply or conditions compelling future compliance cannot cure an otherwise noncompliant application. If we were to adopt a rule that to obtain a special exception all that would be required is for an applicant to promise to come into compliance at some future date, it would make the approval process meaningless because once an applicant promises it would be entitled to receive the special exception.

Id. at 680 (emphasis added) (citations omitted).

20

In addition, while Applicant asserts Council's conclusions on the numerous deficiencies are in error because Applicant addressed these deficiencies on the plans it submitted with its conditional use application, Applicant did not use the plans it now references during the hearing on its conditional use application in an effort to prove compliance with the various conditional use criteria. Indeed, those plans were not made part of the record of the conditional use proceeding before Council, the fact-finder here. See C.R., Tr. Ct. Dkt. No. 2014-08599, Return of the Record of the Borough Council of the Borough of Ambler. Rather, Applicant relied on the testimony of its Engineer, who did not address all of the applicable conditional use standards applicable to TODs.

Further, we reject Applicant's argument that Council's grant of conditional approval to Applicant's *preliminary land development plan* requires approval of Applicant's conditional use application. To that end, Applicant's proposal required *both* conditional use approval and land development approval. As set forth above, in order to obtain conditional use approval Applicant was required to prove compliance with the *zoning ordinance's* criteria relating to conditional uses. Indeed, "satisfying the criteria for conditional use is just one step of the subdivision approval process. In fact, subdivision approval cannot be granted until the conditional use approval is first obtained. See Residents Against Matrix v. Lower Makefield Township, 845 A.2d 908 [(Pa. Cmwlth. 2002)] (a governing body cannot approve an application for final subdivision and land development when the applicant did not first apply for approval for the intended use.)." Thompson, 896 A.2d at 670.

21

Thus, Council's conditional grant of approval to Applicant's preliminary land development plan does not compel a grant of Applicant's conditional use application. To that end, the Borough's letter granting conditional approval of Applicant's preliminary subdivision plan expressly required that Applicant obtain zoning approval. R.R. at 21a-24a. Moreover, contrary to Applicant's assertions, neither Williams Holding Group, LLC v. Board of Supervisors of West Hanover Township, 101 A.3d 1202 (Pa. Cmwlth. 2014) nor McGrath Construction Inc. v. Upper Saucon Township Board of Supervisors, 952 A.2d 718 (Pa. Cmwlth. 2008), hold that the grant of preliminary subdivision or land development approval compels a grant of conditional use approval.

In addition, although Applicant appears to assert that, in denying its conditional use application, Council improperly applied criteria that relate to subdivision and land development applications and plans rather than zoning applications, our review of Council's decision reveals Council denied Applicant's conditional use application based *solely* on Applicant's failure to comply with the zoning's ordinance's express criteria relating to conditional uses, not on any SALDO provisions. As we stated in Thompson (with emphasis added):

> What must be demonstrated in order to obtain conditional use approval must be determined on a case by case basis and will vary among municipalities based upon the use requested and the language in the ordinance. See, e.g., [Sheetz]; [In re Brickstone Realty Corp., 789 A.2d 333, 340 (Pa. Cmwlth. 2001)]; Schatz [v. New Britain Twp. Zoning Hearing Bd. of Adjustment, 596 A.2d 294 (Pa. Cmwlth. 1991)]. In Schatz, we held that a zoning board could not reject an application for a special exception as not being in the best interest of the community because the application did not address the issues of adequate sewage capacity, storm water management or water supply requirements. We held that 'such issues are to be

22

addressed further along the permitting and approval process. Zoning only regulates the use of land and not the particulars of development and construction.' Schatz, 596 A.2d at 298; compare East Manchester Township v. Dallmeyer, 609 A.2d 604 (Pa. Cmwlth. 1992) (we allowed the more stringent requirements for water supply and sewage to be considered because these requirements were a part of the township's special exception requirements).

Similarly, in Brickstone Realty, we held that detailed design information such as floor plans, even if required by the ordinance, is not relevant to the consideration of a special exception or conditional application. All the ordinance required for approval of the use was information indicating the nature, size, and location of the proposed use. 789 A.2d at 339.

In Sheetz, the applicant sought a conditional use permit for construction of a service station. The application was denied by borough council on the grounds that the applicant failed to demonstrate compliance with requisite standards of a 'service conditional use.' The application did not show the required 40–foot buffer zone or planted buffer screen, which were required for the conditional use for a service station. The borough council reasoned that the applicant was not entitled to approval of its application by allowing them to establish compliance later in the context of a land development plan application. Thus, the applicant failed in its burden of establishing its application's compliance with the necessary requirements as a precondition to approval. We opined, the applicant 'is not permitted to evade these requirements because a service station is a conditional use, and upon review, [b]orough [c]ouncil properly denied the application." Sheetz, 804 A.2d at 115.

In In re Application for Conditional Use Approval of James Saunders, 636 A.2d 1308 (Pa. Cmwlth. 1994), [appeal denied, 657 A.2d 494 (Pa. 1995)], the applicant sought a conditional use permit to develop a 367-unit mobile home park on the property. The zoning ordinance listed a mobile home park as a conditional use in the agricultural district. The township supervisors denied the application on the basis that the application was deficient in various areas, especially failing to comply with the zoning ordinance's requirements of

showing a centralized sewer and water system. Our review of the record revealed that the applicant presented testimony, diagrams and descriptions of the proposed water and sewage facilities. We opined that approval of a use is only the first step along the road for an applicant to receive an occupancy permit. We held that the information provided by the applicant was adequate to meet the requirement set forth in the zoning ordinance that the mobile home park have 'central sewer and water' and that the [s]upervisors erred in denying the conditional use application on the basis that the application itself did not meet the requirements for adequate water and sewage. <u>James Saunders</u>.

<u>What we garner from these cases is that an applicant seeking conditional use approval must demonstrate compliance with the express standards and criteria of the ordinance that relate specifically to the conditional use. As illustrated above, those criteria will vary from ordinance to ordinance</u>.

<u>Id.</u> at 670-71. Here, Council denied Applicant's conditional use request based on its failure to comply with the express standards for conditional uses set forth in the zoning ordinance. No error is apparent in that decision. <u>Thompson</u>.

## B. Final Land Development Plan
### 1. Contentions

Applicant further argues, because Council should have granted Applicant's conditional use application based on the evidence submitted, if Applicant was able to satisfy the conditions of its preliminary land development approval, it should have received final land development approval. Thus, Applicant asserts Council's denial constitutes an error of law and an abuse of discretion.

MAPP responds it is clear that subdivision and land development approval cannot be granted until conditional use approval is first obtained. Thompson. MAPP argues Applicant requested consideration of its final land development application at Council's May 2014 meeting, which was after the March 2014 denial of its conditional use application and the subsequent issuance of Council's written decision in April 2014. In accordance with applicable law, MAPP contends, Council voted unanimously to deny final land development approval based on, among other things, Applicant's failure to secure the prerequisite conditional use approval for the proposed development. MAPP argues Council's decision is in accordance with the law and therefore, was properly affirmed by the trial court.

Similarly, the Borough contends Council denied Applicant's conditional use application for a host of reasons. It was then required to deny Applicant's final land development application as such approval requires first that conditional use approval be obtained, and it was not.

**2. Analysis**

As indicated above, because final subdivision and land development approval cannot be granted until a conditional use approval is first obtained, Thompson; Residents Against Matrix, and because Applicant failed to obtain conditional use approval for its proposed development, no error or abuse of discretion is apparent in Council's denial of Applicant's final land development application.

25

## IV. Conclusion

For all the foregoing reasons, we affirm the orders of the trial court that affirmed Council's decisions denying Applicant's conditional use application and final land development plan.

---
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of AMA/American
Marketing Association, Inc. from
the Decision of the Borough Council
of Ambler Borough, on May 21, 2014
dated May 22, 2014 Denying its
Application for Final Land
Development Approval for a
Townhome Development

Appeal of: AMA/American Marketing
Association, Inc.

In Re: Appeal of AMA/American
Marketing Association, Inc. from
the Decision of the Borough Council
of Ambler Borough, dated March 18,
2014 Denying its Application for
Conditional Use for a Townhouse
Development

Appeal of: AMA/American Marketing
Association, Inc.

:
:
:
:
:   No. 643 C.D. 2015
:
:
:
:
:
:
:
:
:
:
:
:
:
:   No. 644 C.D. 2015
:
:
:
:
:
:
:

## **O R D E R**

**AND NOW**, this 14th day of June, 2016, the orders of the Court of Common Pleas of Montgomery County are **AFFIRMED**.

_____
ROBERT SIMPSON, Judge